IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **FREDERICK B. WILLIAMS,**<br>    Petitioner,<br><br>    vs.<br><br>**WARDEN JAMES F. SHERMAN,**<br>    Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 05-242 Erie<br>District Judge McLaughlin<br>Magistrate Judge Baxter |


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that Petitioner's Emergency Motion to Expedite Discovery and Hearing [Document # 10] be denied and the instant *Petition for Writ of Habeas Corpus* be dismissed.

**II.   REPORT**

On August 31, 2005, Petitioner Frederick B. Williams, an inmate incarcerated at the Federal Correctional Institution in McKean County, Pennsylvania ("FCI-McKean"), filed this petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241, challenging the Bureau of Prisons' ("BOP") actions in sanctioning him with a loss of 87 days of good conduct time ("GCT") as a result of his attempted escape from FCI-McKean on December 25, 2004. (See Document # 4, Petition for Writ of Habeas Corpus, at ¶ 7). On September 2, 2005, this Court appointed Thomas W. Patton, Esquire, of the Federal Public Defender's Office, to represent Petitioner in this matter. (See Document # 5).

On October 26, 2005, Respondent filed a Response to Petitioner's Petition [Document # 9] requesting that the Petition be dismissed, without prejudice, because Petitioner had not yet exhausted his administrative remedies, but still had time to do so.

On December 14, 2005, Petitioner filed an Emergency Motion for Expedited Discovery and Hearing [Document # 10] requesting that this case be decided on an expedited basis

because, if Petitioner is successful and his GCT is restored, his release date will be January 1, 2006, rather than his current projected release date of March 29, 2006. Petitioner claims that, if his petition "is not handled in an expedited fashion, [he] will be irreparably harmed by being forced to serve time in prison beyond his release date." (See Document # 10 at p. 1). Respondent has filed a Response to Petitioner's Emergency Motion [Document # 11] arguing, in part, that "Petitioner has failed to exhaust his administrative remedies, and is now out of time to exhaust, and therefore Petitioner's claims are procedurally barred and the Petition must be dismissed with prejudice under clear Third Circuit law." (See Document # 11 at p. 2).

On December 21, 2005, this Court held a hearing on Petitioner's Emergency Motion to hear legal argument regarding Respondent's claim that Petitioner's failure to exhaust his administrative remedies requires dismissal of this case.[1] At the hearing, it was determined that Petitioner appealed the BOP's sanction of loss of GCT by filing a Regional Administrative Remedy Appeal with the BOP's Northeast Regional Office on or about September 30, 2005. The Northeast Regional Office denied Petitioner's appeal on October 28, 2005. (See Declaration of Joyce Horikawa ("Horikawa Declaration") attached as Exhibit 1 to Document # 11, at ¶ 7). Petitioner did not appeal this denial to the BOP's Central Office at any time prior to this Court's hearing of December 21, 2005. (See Horikawa Declaration at ¶ 8). Petitioner's counsel has argued that an appeal of the Regional Office's denial to the Central Office would have been futile, and that the exhaustion requirement must be waived to prevent Petitioner from being irreparably harmed.

### B.     Subject Matter Jurisdiction

Although a challenge to a federal sentence *as imposed* must be made under 28 U.S.C. § 2255, a claim concerning *execution* of a sentence by federal prison and parole authorities is properly brought under 28 U.S.C. § 2241. Bennett v. Soto, 850 F.2d 161 (3d Cir. 1988);

---

[1] The Court granted the request of Respondent's legal representative from the United States Attorney's Office to appear at this hearing by telephone, while Petitioner's legal counsel and his investigator appeared in person.

Gomori v. Arnold, 533 F.2d 871 (3d Cir.), cert. denied, 429 U.S. 851 (1976); Chambers v. Holland, 920 F. Supp. 618 (M.D. Pa.), aff'd, 100 F.3d 946 (3d Cir. 1996). Because Petitioner is challenging the terms (or execution) of his sentence, his habeas petition properly is brought under Section 2241.  See also  United States v. Dorsey, 166 F.3d 558 (3d Cir. 1999).

### C.     Exhaustion

A federal prisoner seeking habeas relief under 28 U.S.C. § 2241 first must exhaust administrative remedies before bringing his claim to federal court.  United States v. Wilson, 503 U.S. 329, 334-335 (1992); Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d Cir. 1996); United States v. Keller, 58 F.3d 884 (2d Cir. 1995); United States v. Brann, 990 F.2d 98, 104 (3d Cir. 1993).  BOP is the agency charged with administering the federal prison system.  Reno v. Koray, 515 U.S. 50, 60 (1995); Wilson, 503 U.S. at 334-335.  For federal prisoners challenging BOP determinations, the initial venue is the administrative process.  BOP codified its Administrative Remedy Program ("ARP") in 28 C.F.R. Part 542, which provides detailed procedures and guidelines for federal prisoners to seek administrative review of any aspect of their confinement.  In particular, a prisoner such as Petitioner, who is challenging the decision of a Disciplinary Hearing Officer, must submit an appeal of the decision directly to the appropriate BOP Regional Director. 28 C.F.R. § 542.14(d)(2)(2004).  If the prisoner is not satisfied with the decision of the Regional Director, he must then file an appeal with the Office of the General Counsel (Central Office) within thirty (30) calendar days of the date the Regional Director signed its response. 28 U.S.C. § 542.15 (2004).  Appeal to the Central Office is the final step of the administrative remedy process.

Respondent asserts that Petitioner has failed to exhaust his administrative remedies, because he did not file an appeal with the BOP's Central Office within thirty (30) days of the Regional Director's decision of October 28, 2005. (See Document # 11 at p. 7).  In support of this assertion, Respondent cites the Third Circuit case of Moscato v. Federal Bureau of Prisons, 98 F.3d 757 (3d. Cir. 1996), in which the Court held that an inmate who challenges a disciplinary proceeding within a federal institution, but fails to completely exhaust his

administrative remedies because of a procedural default, cannot secure judicial review of his claim. Id. at 762.

Petitioner does not dispute that he did not attempt to exhaust his administrative remedies; however, he argues that a final appeal to the BOP's Central Office would have been futile, because the BOP used "false information to deny his claims" and the BOP's ultimate denial of his administrative appeals was, essentially, a foregone conclusion. (See Document # 10 at p. 16). In short, Petitioner is arguing that it would have been futile for him to completely exhaust his administrative appeals because his appeal to the Central Office was likely to fail. In support of this argument, Petitioner cites two Second Circuit cases: Vargas-Crispin v. Zenk, 376 F.Supp.2d 301 (E.D.N.Y. 2005) and Beharry v. Ashcroft, 329 F.3d 51 (2nd Cir. 2003). However, these cases fail to lend credence to Petitioner's futility argument. In fact, the Second Circuit Court in Deharry specifically held that a petitioner's contention that his "argument would likely have failed [on administrative appeal] is not tantamount to stating that it would have been futile to raise it...." 329 F.3d at 62. This holding is consistent with the Third Circuit's position in habeas cases filed under 28 U.S.C. § 2254 that "likely futility on the merits does not excuse a failure to exhaust a claim in state court." Parker v. Kelchner, 429 F.3d 58, 63 (3d Cir. 2005). Thus, Petitioner's futility argument must fail.

As a corollary to his futility argument, Petitioner also claims that forcing him to exhaust his administrative remedies would result in irreparable injury because his alleged release date of January 1, 2006, "will have passed long before the Court has the opportunity to rule on the case." (See Document # 10 at p. 16). In essence, Petitioner is arguing that, if he had filed a final appeal of his administrative claim with the BOP's Central Office, a response to the appeal would not likely have been issued in time for him to have his petition considered by this Court before January 1, 2006. As a result, Petitioner contends that the exhaustion requirement should be waived in this case. The Court disagrees.

As noted earlier, the BOP Regional Director's denial of Petitioner's administrative appeal was issued on October 28, 2005. Petitioner had thirty (30) days from that date in which to file an appeal to the BOP's Central Office. Thus, the latest date on which Petitioner could

4

have filed his final appeal was November 27, 2005. The BOP's Central Office would then have been required to issue a response within twenty (20) days, or no later than December 17, 2005. Consequently, the latest date on which Petitioner could have fully exhausted his administrative remedies was December 17, 2005, only three days later than the date Petitioner filed his pending Emergency Motion. From a timing standpoint, Petitioner would have been in essentially the same position had he fully exhausted his administrative remedies as he is today. Moreover, if Petitioner was truly concerned about being irreparably harmed by an administrative delay, he could have filed an administrative appeal on or before November 1, 2005, which would have elicited a response no later than November 21, 2005. This would have given him the entire month of December to seek the relief he is now seeking by emergency motion.

Based on the foregoing, Petitioner has failed to persuade this Court that the exhaustion requirement should be waived in this case. As a result, Petitioner has failed to exhaust his administrative remedies, thus barring this Court from reviewing Petitioner's habeas claim. Moscato, 98 F.3d at 762.

### D.    Certificate of Appealability

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong..." Szuchon v. Lehman, 273 F.3d 299, 312 (3d Cir. 2001) quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000). A petitioner meets this standard if he can show that the issue "is debatable among jurists, or that a court could resolve the issue differently, or that the question deserves further proceedings." McCracken v. Gibson, 268 F.3d 970, 984 (10th Cir. 2001). Under 28 U.S.C. § 2253(c)(3), the district court must identify which specific issues satisfy the

standard.

However, federal prisoner appeals from the denial of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B).

### III.     CONCLUSION

For the foregoing reasons, this Court respectfully recommends that Petitioner's Emergency Motion to Expedite Discovery and Hearing [Document # 10] be denied and the instant *Petition for Writ of Habeas Corpus* be dismissed.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten days from the date of service to file objections to this Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.


                                                 S/Susan Paradise Baxter
                                                 SUSAN PARADISE BAXTER
                                                 Chief U.S. Magistrate Judge


Dated:   December 21, 2005

cc:     The Honorable Sean J. McLaughlin
        United States District Judge